## BURNSTINE v. DREW.

(Court of Appeals of District of Columbia. Submitted October 7, 1920. Decided December 6, 1920.)

No. 3354.

Appeal and error ☞1048(7)—Admission of statement of conclusion for impeachment held harmless.

Where no objection had been made to the question laying foundation for impeachment, and the witness had, in effect, admitted making the statement, error, if any, in admitting the testimony of the impeaching witness over the objection that the statement testified to was a conclusion, was harmless.

Appeal from the Supreme Court of the District of Columbia.

Action by Abraham Burnstine, administrator of the estate of David Burnstine, deceased, against Fred Drew. Judgment for defendant and plaintiff appeals. Affirmed.

Dan Thew Wright, of Washington, D. C. (Philip Ershler, of Washington, D. C., on the brief), for appellant.

W. C. Clephane, J. Wilmer Latimer, and Gilbert L. Hall, all of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. Plaintiff below appeals from a judgment for defendant in a suit for damages for the alleged wrongful death of his son, who was killed by an automobile operated by defendant.

The single assignment of error relates to the admission of the following evidence, laying the foundation for the impeachment of one of plaintiff's witnesses:

"Q. Didn't you say to him [Mr. Hall], in substance, these words: 'I thought that thing had been dropped. There is not anything in it, and I called up Mr. Drew and told him so.' A. No, sir; I do not recall that.

"Q. You do not recall telling him that in substance? A. No, sir; I do not.

"Q. You do not remember anything like that? A. I do not think I called it 'the thing.'"

It will be observed that, when the question laying the foundation for the impeachment was propounded to plaintiff's witness on cross-examination, no objection was interposed. When, however, counsel for defendant attempted to prove the statement by their impeaching witness, Mr. Hall, objection was made on the ground that it called for an expression of opinion by the witness to the effect that plaintiff had not a good case.

The objection came too late. Plaintiff's witness had, in effect, admitted making the statement, and the exclusion of Hall's testimony would not have operated to exclude the admission; hence, if error was committed in the admission of Hall's confirmation, it was without prejudice.

The judgment is affirmed, with costs.

Affirmed.